**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**LORI A. BRIDGES**                                                                    **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO.: 1:19-CV-211-RP**

**ANDREW M. SAUL, COMMISSIONER
OF THE SOCIAL SECURITY ADMINISTRATION**                     **DEFENDANT**

**FINAL JUDGMENT**

    Plaintiff Lori Bridges filed suit under 42 U.S.C. § 405(g) for judicial review of the unfavorable decision of the Commissioner of Social Security regarding an application for Disability Insurance Benefits. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 8. The Court, having considered the record, the administrative transcript, the briefs of the parties, and the applicable law, and for the reasons set forth on the record at the conclusion of the hearing, finds that the Commissioner's decision is not supported by substantial evidence.

    First, the ALJ failed to adequately consider Plaintiff's headaches. Because migraine headaches are particularly unsusceptible to diagnostic testing, in cases involving complaints of disabling pain due to migraine headaches, courts look to other objective medical signs to determine whether claimant's complaints are consistent with the existence of disabling migraine pain. *Wiltz v. Barnhart*, 484 F. Supp. 2d 524, 533 (W.D. La. 2006). *See also Tucker v. Astrue*, No. 2:07cv4, 2008 WL 3285903, *7 (S.D. Miss. Aug. 5, 2008). These "other objective medical signs" include

> whether the claimant's migraines are accompanied by drowsiness, dizziness, nausea, vomiting and blurred vision, whether the claimant has been prescribed medication for

migraines and the associated symptoms of nausea and vomiting, whether the plaintiff is sensitive to light (photophobic) or sound, whether the claimant has received continuing and regular treatment for migraines—including outpatient and emergency treatment—and whether the claimant's symptoms are consistent with those of migraine headaches.

*Wiltz,* 484 F.Supp.2d at 533.

In this case, virtually all of these objective medical signs were present, including blurred vision, dizziness, nausea, photosensitivity, sound sensitivity, medication prescriptions for migraines, Plaintiff's need to lay down in a dark room, and continuing and regular treatment for migraines. Nonetheless, the ALJ assigned no functional limitations attributable to Plaintiff's migraines, and his discussion of Plaintiff's testimony does not accurately describe the limiting effects to which Plaintiff testified, nor does his discussion of Plaintiff's treatment for migraines accurately reflect the extent of her treatment.

While the ALJ acknowledged some of Plaintiff's treatment for headaches, his decision does not account for the lengthy treatment records related to this impairment. Specifically, the objective medical records contain references to chronic migraine headaches occurring daily, loss of balance, multiple medications that failed to control Plaintiff's migraines, occipital nerve blocks and trigger point injections, Botox injections, and uncontrolled severe frequent headaches. The ALJ's failure to properly consider the evidence of Plaintiff's headaches prejudiced Plaintiff, as the vocational expert opined that missing approximately four or more days of work per month or being off task up to 15% of the workday – limitations that might be associated with chronic severe migraines -- would be work preclusive.

Second, the ALJ erred in evaluating Dr. William Marcy's medical assessment. Because Plaintiff applied for benefits after March 27, 2017, the new regulations for evaluating medical evidence apply. Under the revised regulations, specifically 20 C.F.R. §§ 404.1520c and 416.920c, the agency "will not defer or give any specific evidentiary weight, including

controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (2017). Instead, the ALJ will look at the entire record and consider the persuasiveness of the medical opinion(s) or prior administrative medical finding(s) using the following factors outlined in 20 C.F.R. § 1520c:

(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.
(3) *Relationship with the claimant.* This factor combines consideration of the issues in paragraphs (c)(3)(i) through (v) of this section.
    i. *Length of the treatment relationship.* The length of time a medical source has treated you may help demonstrate whether the medical source has a longitudinal understanding of your impairment(s).
    ii. *Frequency of examinations.* The frequency of your visits with the medical source may help demonstrate whether the medical source has a longitudinal understanding of your impairment(s).
    iii. *Purpose of the treatment relationship.* The purpose for treatment you received from the medical source may help demonstrate the level of knowledge the medical source has of your impairment(s).
    iv. *Extent of the treatment relationship.* The kinds and extent of examinations and testing the medical source has performed or ordered from specialists or independent laboratories may help demonstrate the level of knowledge the medical source has of your impairment(s).
    v. *Examining relationship.* A medical source may have a better understanding of your impairment(s) if he or she examines you than if the medical source only reviews evidence in your folder.
(4) *Specialization.* The medical opinion or prior administrative medical finding of a medical source who has received advanced education and training to become a specialist may be more persuasive about medical issues related to his or her area of specialty than the medical opinion or prior administrative medical finding of a medical source who is not a specialist in the relevant area of specialty.
(5) *Other factors.* We will consider other factors that tend to support or contradict a medical opinion or prior administrative medical finding. This includes, but is not limited to, evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements. When we consider a medical source's familiarity with the

other evidence in a claim, we will also consider whether new evidence we receive after the medical source made his or her medical opinion or prior administrative medical finding makes the medical opinion or prior administrative medical finding more or less persuasive.

While these are the factors the courts will consider, the regulations further provide that the factors of supportability and consistency are the most important ones they will use to determine whether a medical opinion is persuasive. Here, the ALJ incorrectly found that Dr. Marcy's "treatment notes do not support his opinion." To the contrary, Dr. Marcy's treatment notes are consistent with his assessment regarding Plaintiff's mental limitations. The ALJ's failure to properly consider Dr. Marcy's assessment prejudiced Plaintiff, for if the ALJ had found the assessment to be persuasive, the ALJ's RFC would surely have been different, which in turn would likely have affected the jobs available at step five.

Therefore, the Commissioner's decision is reversed and remanded for a rehearing of Plaintiff's application under the fourth sentence of § 405(g).

**SO ORDERED**, this the 24th day of April, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE